(83 App. Div. 335.)

## SCHREYER v. ARENDT.

(Supreme Court, Appellate Division, First Department. May 8, 1903.)

1. TRUST—REVOCATION—PARTIES.

> The owner of land conveyed the same to a trustee, who was to pay her the profits for life, and on her death divide it among her children, it being provided that the grantor might at any time revoke the trust, when the trustee should convey to any person designated by the grantor. At the time of the execution of the deed the grantor had children. Subsequently the trustees conveyed to the grantor, the deed reciting a revocation by the grantor and a direction to reconvey; and on the death of the grantor her executor conveyed the land. *Held*, on a submission of controversy on agreed facts, that an issue as to whether the executor's grantee had a marketable title, depending on the question whether the trust had ever been terminated, could not be decided without the presence of all the children of the grantor.

Action by John Schreyer against Isabella Arendt. Submission of controversy upon agreed facts. Submission dismissed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Alexander Thain, for plaintiff.
Nathaniel Cohen, for defendant.

McLAUGHLIN, J. This is a submission of a controversy upon agreed facts, under section 1279 of the Code of Civil Procedure. From the submission it appears that in December, 1902, the plaintiff agreed in writing to convey to the defendant certain real estate in the city of New York in consideration of the defendant's agreeing to convey to him certain other real estate in the same city, the title to both pieces to pass on the 13th of January following. Before the arrival of the time for the completion of the agreement by delivery of proper deeds, the defendant notified the plaintiff that she would not complete the agreement for the reason that the plaintiff could not give her a marketable title to the land which he had agreed to convey, and the sole question is whether he has a marketable title to such real estate. The title to this real estate was formerly vested in one Henrietta E. Gibbons, who acquired it in February, 1887, under the will of her father; and it seems to be conceded—at least no question is raised—that she then had a marketable title. On the 8th of July, 1889, she conveyed the same, with other property, to one James L. Lowery, upon condition that he should hold the same in trust, lease the same, receive the rents, issues, and profits thereof, and pay the net income therefrom to her during the term of her natural life, and upon her death convey it "to such of her children as she may leave surviving her, in equal shares." The deed further provided as follows:

"But this trust is granted and accepted with the following reservations, conditions, and powers, and the same are considerations moving the creation and acceptance of this trust: First. The party of the first part reserved to herself the right and power to revoke and terminate the trust hereby granted, but only by and with the consent of her husband, Austin Gibbons, and the party of the second part, on receiving a notice and consent in writing revoking the said trust, executed by the party of the first part and her said husband, in the same manner as conveyances of real estate are required by law to be executed, will convey the property herein described to any person or persons that may be appointed and designated in said notice and consent, and the party of the second part will thereupon be relieved from any further liability under said trust without being obliged to resort to any court or officer or legal proceeding. Second. The party of the second part accepts the trust upon the express reservation and condition that he may, if he so desires, at any time thereafter resign and surrender said trust, and reconvey the property herein described to the party of the first part, without his being obliged to resort to any court or officer for leave or authority to do so, and without any legal proceedings for that purpose, and that such reconveyance and resignation will entirely relieve him from any liability by reason of said trust or for said trust property after the time he resigns the same and reconveys said property."

At the time of the execution of this deed the grantor had three children, then minors, all of whom are now living, and two still being under 21 years of age. Her husband, Austin Gibbons, died on the 6th of January, 1890, and she subsequently married one Guldenkirch, and on the 4th of August, 1891, Lowery conveyed to her, under the name of Henrietta E. Guldenkirch, said real estate, and the conveyance contains the following recitals:

"Whereas, the party of the second part did, on or about the 8th day of July, 1889, grant and convey to the party of the first part the premises hereinafter mentioned in trust; * * * and whereas, the party of the first part desires to resign and surrender such trust and to reconvey the premises hereinafter described to the party of the second part; and whereas, the party of the second part hereto has notified the party of the first part that she has revoked and terminated said trust; now, therefore, this indenture witnesseth," etc.

Henrietta E. Guldenkirch died on the 16th of April, 1897, leaving a last will and testament, which was subsequently admitted to probate, and letters testamentary issued to the executor therein named, who, under a power of sale contained in her will, conveyed such real estate to the plaintiff, and upon an accounting the act of the executor was approved, and he was discharged as executor.

The foregoing are all of the material facts necessary to be considered upon the question presented. The defendant contends that the plaintiff's title is unmarketable, inasmuch as the trust created by Mrs. Gibbons in her deed of July 8, 1889, has never been terminated, and that her executors, through whom the plaintiff claims, never had title; that on her death her children became seised of the premises, and that the title to the same is now in them; while the plaintiff claims that the reconveyance by Lowery terminated the trust, and reinvested the title in Mrs. Guldenkirch, and therefore he acquired a marketable title from her executors under the power of sale contained in her will.

We are of the opinion that a complete and final determination of the question submitted cannot be had without the presence of all of the children of Mrs. Guldenkirch, and for that reason we decline to

pass upon the question ·presented, and, pursuant to section 1281 of
the Code of Civil Procedure, dismiss the submission, without costs to
either party.   All concur.